IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                                    : CHAPTER 13
                                                         :
KEVIN RICHARDSON                                         :
                      DEBTOR(S)                          : BANKRUPTCY NO. 04-33234  SR

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

**Introduction.**

Before the Court are several contested matters. These include 1) an objection by the Debtor's mortgagee (Select Portfolio Servicing Inc., f/k/a Fairbanks Capital Corporation, hereinafter "Select") to a proof of claim filed on behalf of Select by the Debtor; 2) the Debtor's objection to a proof of claim subsequently filed by Select on its own behalf; 3) Select's Objection to confirmation of the Debtor's Second Amended Chapter 13 Plan; 4) Select's request for relief from the automatic stay; and 5) the Chapter 13 Trustee's motion to dismiss the Debtor's bankruptcy case with prejudice. For the reasons which follow, Select's objection to the Debtor's Proof of Claim will be sustained, the Debtor's objection to Select's claim will be dismissed, and confirmation of the Debtor's second amended Chapter 13 Plan will be denied. A follow-up evidentiary hearing will be scheduled to more fully develop the issues germane to Select's request for relief from the automatic stay, as well as the Trustee's dismissal motion.

**Background**.

This case represents the Debtor's fifth Chapter 13 filing. The Debtor's history (admitted to in the Debtor's response to the Trustee's dismissal motion) is chronicled

below:

(1)  Case number 01-31289SR, Chapter 13, filed on August 6, 2001.  The case was dismissed on the Trustee's Motion to Dismiss on November 9, 2001.

(2)  Case number 02-13394SR, Chapter 13, filed by Kevin Richardson on March 5, 2002.  The case was dismissed on the Trustee's Motion to Dismiss on June 28, 2002 due to the failure of the debtor to commence or continue making timely payments as required and because the debtor failed to appear at the first meeting of creditors.

(3)  Case number 02-36060SR, Chapter 13, filed on November 12, 2002.  An Order was entered on January 14, 2003 granting a Motion to Dismiss filed by Fairbanks Capital Corporation with a 180 day bar to re-filing.

(4)  Case number  03-18597SR, Chapter 13, filed on June 3, 2003.  An Order was entered on June 5, 2003 dismissing the case due to the Order entered on January 14, 2003 in the debtor's previous Bankruptcy case No. 02-36060SR barring the debtor from filing another bankruptcy case for 180 days from the date of the Order without further leave of Court.

The Court notes that in none of his prior four cases has the Debtor achieved confirmation of a Chapter 13 plan, and that the Debtor, in fact, filed his fourth case in violation of an order of Court barring him from doing so.

The instant case was commenced on October 1, 2004. The first meeting of creditors under Section 341(a) of the Bankruptcy Code was scheduled for November 19, 2004.[1]

---

[1] The hearing was continued twice and was eventually held and concluded on April 8, 2005.

According to his amended schedules (filed on January 18, 2005) the Debtor is the co-owner with his ex-wife of a residence located at 8025 Fayette Street, Philadelphia, Pennsylvania. The Debtor valued his interest in this property at $100,000, subject to secured claims of $85,000. (Schedule A) Secured claims (listed as totaling $87,000.00 on Schedule D) include a City of Philadelphia Tax Lien in the amount of $17,000.00, a municipal water service claim of $14,000.00, and the claim of Select, scheduled in the amount of $56,000.00.[2] The claim of Select is scheduled as disputed.

In his Statement of Financial Affairs (at question 4), the Debtor reports the existence of a mortgage foreclosure proceeding relative to his residence that is pending in the Philadelphia Court of Common Pleas at Docket No. 03090128. The Debtor has been represented in the foreclosure proceeding by separate non-bankruptcy counsel.

The Debtor has filed three Chapter 13 plans. In his first plan, filed on October 18, 2004, the Debtor proposed to pay $150 per month to the Chapter 13 Trustee commencing in November 2004. From these payments the Debtor stated that he will pay off the entire balance of his mortgage, and stated further that "the Debtor believes that he owes little, if any, balance on this mortgage."

The original date scheduled for the first meeting of creditors in this case was November 19, 2004. The deadline for the filing of proofs of claim by non-governmental entities was February 17, 2005. (See F.R.B.P. 3002(c)). Select filed no proof of claim by that date. On February 21, 2005 the Debtor filed a hand written proof of claim on behalf

---

[2] In what the Court assumes to be a typographical error the Debtor at one point lists the value of his residence on Schedule D as being $120,000.00.

of Select. (Claim No. 3) The Claim recites that the total amount of Select's claim as of the petition date was $4,000.00.[3] On February 21, 2005, the Debtor also filed an Amended Chapter 13 Plan. The Amended Plan again recited the Debtor's intention to pay off the entire balance owed on his mortgage, but the Plan now asserted that the amount owed was limited to the $4,000.00 set forth in the Proof of Claim the Debtor had filed that same day. On March 7, 2005, the Debtor filed a second amended Chapter 13 Plan which added a few phrases of no relevance for present purposes. A confirmation hearing was scheduled for May 13, 2005.

On March 2, 2005, Select filed a Claim for itself in the amount of $72,732.86. (Claim No. 4) It amended that Claim on April 6, 2005 to $76,155.41. On March 7, 2005 Select had also filed an objection to Confirmation of the Debtor's Amended Plan. In its objection, Select asserted that the Debtor's Plan was infeasible because it understated the amount of Select's secured claim.

On March 17, 2005 the Debtor filed an objection to the claim Select had filed on its own behalf. The Objection states that the Debtor contests the validity of the March 2, 2005 claim as it was filed after the bar date. A hearing on the objection was scheduled for April 15, 2005.

On March 17, 2005 the Chapter 13 Trustee filed the above referenced Motion to

---

[3] Oddly, the Claim states that the value of the collateral (i.e., the residence) was $50,000.00, instead of the $100,000.00 set forth on the bankruptcy schedules. Also curious is the fact that the Court's Claims Register reflects no information whatsoever with respect to the Claim filed by the Debtor for Select, other than the fact of a claim having been filed. The Register, in other words, fails to reflect the amount of the claim, and makes no mention of the Claim having been filed by the Debtor. Both the remarks and the description line are blank.

4

Dismiss the instant bankruptcy case with prejudice. In his Motion, the Chapter 13 Trustee alleged that the Debtor's Chapter 13 Plan was infeasible and that the case had not been filed in good faith based upon the Debtor's prior filings and the dispositions thereof.

The Debtor filed a response to the Trustee's Motion on April 1, 2005. In it the Debtor asserts that the bankruptcy case was filed in good faith in order to retain his home, and that if the claim filed by the Debtor for Select were upheld the Debtor's Chapter 13 Plan would be feasible. The Trustee's Dismissal Motion was scheduled for hearing on April 8, 2005, but was continued until the confirmation hearing scheduled for May 13, 2005.

On April 15, 2005 a hearing was held on the Debtor's objection to the claim Select had filed for itself. Counsel for the Debtor reiterated the Debtor's basis for objection to the claim; to wit: that it was filed after the claim's bar date. It was brought out at that hearing, however, that a judgment in mortgage foreclosure had already been entered against the Debtor in the Philadelphia Common Pleas Court action. The docket of that proceeding indeed reflects that on September 23, 2004, a summary judgment in the amount of $56,876.58 was entered by the state court in favor of Select. A Petition for Reconsideration had been filed on July 12, 2004 but was denied by the Common Pleas Court on February 14, 2005.

When asked by the Court to explain the filing of a $4,000.00 Claim when a judgment in a much higher amount had already been entered against the Debtor, counsel who attended the hearing stated that he did not have first hand knowledge of where the $4,000.00 figure came from. Counsel, nevertheless, stated his belief that the proper "vehicle" at that juncture would be for Select to file an objection to the proof of claim filed by the Debtor. Counsel for Select indicated an intention to do so, whereupon the claim

5

objection hearing was adjourned to May 13, 2005.

On April 22, 2005, Select filed an Objection to the proof of claim filed by the Debtor. In its Objection, Select recited the fact of its foreclosure judgment and argued that the proof of claim filed by the Debtor should be stricken as having no basis in law or fact. Select amended its Objection the very same day to include additional assertions that the Debtor's Chapter 13 Plan was infeasible, failed to provide for required present value interest, and was not proposed in good faith.

Also on April 22, 2005, Select filed a Motion for Relief from the Automatic Stay, asserting that the Debtor was delinquent in post-petition mortgage payments, and reiterating its position with respect to the invalidity of the $4,000.00 claim filed by the Debtor.

On April 27, 2005, the Debtor filed responses to Select's claim objection, confirmation objection, and 362 Motion.  In each, the Debtor asserted that the failure of Select to have filed a Claim on its own behalf prior to the bar date allowed the Debtor to file a claim for it <u>and</u> to bind Select to the amount stated therein.

A hearing on all of the above referenced matters was held on May 13, 2005.  At the hearing no evidence was offered by any party on any of the matters before the Court.  The Debtor and Select simply reiterated their views over what each obviously views as a dispositive legal issue; to wit: whether under these circumstances the Debtor can bind Select to the $4,000.00 Claim filed on February 17, 2005.  Having considered this question, the Court concludes that under the clear weight of authority the Debtor cannot do so.

**Discussion**.

Bankruptcy Code § 501 provides, in pertinent part;

> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

11 U.S.C. § 501(c). The applicable rule elaborates on this provision:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.

B.R. 3004. The Advisory Committee Note to Bankruptcy Rule 3004 explains the purpose of this rule, stating:

> It is the policy of the Code that debtors' estates should be administered for the benefit of creditors without regard to the dischargeability of their claims. After their estates have been closed, however, discharged debtors may find themselves saddled with liabilities, particularly for taxes, which remain unpaid because of the failure of creditors holding nondischargeable claims to file proofs of claim and receive distributions thereon. The result is that the debtor is deprived of an important benefit of the Code without any fault or omission on the debtor's part and without any objective of the Code being served thereby.
>
> Section 501(c) of the Code authorizes a debtor or trustee to file a proof of claim for any holder of a claim. Although all claims may not be nondischargeable, it may be difficult to determine, in particular, whether tax claims survive discharge. To eliminate the necessity of the resolution of this troublesome issue, the option accorded the debtor by the Code does not

> depend on the nondischargeability of the claim.... The authority to file is conditioned on the creditor's failure to file the proof of claim on or before the first date set for the meeting of creditors....

Fed.R.Bankr.P. 3004 advisory committee's note (citations omitted).

Four days after the claims bar date, Select had not filed a claim so the Debtor filed one on its behalf. It also filed an amended plan consistent with claim. The amount of the claim obviously caused Select to file its own claim shortly thereafter. Is the Debtor correct in maintaining that Select's claim is untimely and must be disallowed?

There is no controlling authority in this Circuit on this point, however, as noted above, the overwhelming majority of courts to have considered the question have rejected the Debtor's position. This Court does likewise.

This issue was recently considered by Judge Bruce I. Fox of this Court in *In re Catherine A. Oscar*, No. 04-18900 (Bankr. E.D. PA April 14, 2005). The Court finds Judge Fox's analysis of the question cogent and accordingly borrows liberally from it herein.[4]

While Rule 3002(c) establishes a claims bar date for chapter 13 cases, Rule 3002(a) provides only that "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed . . . ." No reference is made in Rule 3002(a) to the necessity of a secured creditor to file a proof of claim.

In light of the language of this procedural rule, most courts have concluded that

---

[4] The circumstances in *Oscar* have very close parallels to those herein, although the issue was joined in *Oscar* via the mortgagee's motion for leave to file a claim on its own behalf, whereas here the mortgagee has already done so. The Court finds the different factual setting irrelevant for purposes of the penultimate question.

8

secured creditors in chapter 7, 12 and 13 cases (all governed by Rule 3002) may, but need not, file a proof of claim. For example, as noted by the Eleventh Circuit Court of Appeals in *In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003):

> An unsecured creditor is required to file a proof claim for its claim to be allowed, but filing is not mandatory for a secured creditor. See Fed. R. Bankr. P. 3002(a). In fact, a secured creditor need not do anything during the course of the bankruptcy proceeding because it will always be able to look to the underlying collateral to satisfy its lien.

*See, e.g., In re Cromer*, 185 B.R. 1, 2-3 (Bankr. N.D.N.Y. 1994); *In re Wells,* 125 B.R. 297 (Bankr. D. Colo. 1991); *In re Novak*, 103 B.R. 403, 414 (Bankr. E.D.N.Y. 1989); *In re Bender,* 86 B.R. 809 (Bankr. E.D. Pa. 1988); *Matter of Mikrut,* 79 B.R. 404 (Bankr. W.D. Wis. 1987); see also *In re Bilinski,* 1998 WL 721083 (E.D. Pa. 1998); *In re Lorax Corp.,* 307 B.R. 560, 567 n.16 (Bankr. N.D. Tex. 2004). *But see, e.g., In re Dennis,* 230 B.R. 244 (Bankr. D.N.J. 1999); *In re Jordan*, 79 B.R. 49 (Bankr. N.D. Ala. 1987).

This majority viewpoint is consistent with the procedure under the former Bankruptcy Act of 1898. *See, e.g., Newman v. First Sec. Bank of Bozeman,* 887 F.2d 973, 975-76 (9th Cir. 1989); *In re Bain*, 527 F.2d 681, 685 (6th Cir. 1975); *Clem v. Johnson*, 185 F.2d 1011 (8th Cir. 1950), *cert. denied*, 341 U.S. 909 (1951).

The reason secured creditors have no obligation to file a proof of claim under Rule 3002 stems from the general effect that bankruptcy filings in chapter 7, 12 and 13 cases have upon liens. With certain exceptions, liens will pass through bankruptcy unaffected by any discharge. 11 U.S.C. § 502(d)(2). *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78 (1991); *Long v. Bullard*, 117 U.S. 617 (1886); *see also Newman v. First Sec. Bank of Bozeman*, 887 F.2d at 975-76. Therefore,

9

> [i]f the [secured] creditor is content not to participate in the bankruptcy proceedings, (or is unaware of them), and fails to file any proof of claim, and neither the debtor nor any other person files a proof on behalf of the lien creditor, its lien will not be avoided . . . .

*In re Bender*, 86 B.R. at 811.

Consequently, in this dispute, the February 17, 2005 deadline for creditors to file unsecured claims did not apply to Select, insofar at its security interest was concerned.

As noted above, Rule 3004 allows a debtor to file a proof of claim on behalf of a creditor if the creditor has failed to do so by the date of the meeting of creditors. Moreover, the deadline for the debtor to do so extends thirty days beyond the bar date set by Rule 3002(c). See *In re Kolstad*, 928 F.2d 171 (5th Cir.), *cert. denied*, 502 U.S. 958 (1991). Creditors may file superceding claims in accordance with Rule 3002.

The debtor here filed its proof of claim under Rule 3004 four days after the bar date deadline. The debtor argues that his doing so precludes Select from now filing its own proof of claim, asserting that Rule 3004 requires superceding claims to be filed prior to the Rule 3002(c) bar date.

The Debtor argues that Rule 3004 allows a debtor to conclusively establish the amount, status and priority of a claim for any creditor—including a secured creditor—who allows the bar date to pass in chapter 7, 12 and 13 cases (but presumably not in chapter 11 cases, since excusable neglect may be raised) without filing a claim.
Some years back, another judge of this Court[5] found such a construction of a Rule 3004

---

[5] That former judge, coincidentally, happens to be Debtor's counsel herein.

10

claim unpersuasive:

> In its present form, B. Rule 3004 would seem to preclude any filing superseding a claim by a creditor if it has failed to do so y the bar date, pursuant to B. Rule 3002(c), even if the debtor or trustee filed a claim on the creditor's behalf within 30 days <u>after</u> the bar date, as the debtor or trustee is empowered to do. This could be read as binding a creditor who fails to file a proof of claim of its own to the terms of any proof of claim filed by the debtor or trustee, no matter how far off the mark of the creditor's legitimate claim it is.
>
> The new version of B. Rule 3004 should not be read to so completely place the non-filing creditor at the mercy of debtor or the trustee. Rather, as Collier suggests, 8 COLLIER ON BANKRUPTCY, ¶ 3004.3, at 3004-6 (15th ed. 1989), "such claim, as with any claim, will be subject to technical amendment." We therefore believe that, as long as the creditor seeks to "amend" the proof of claim filed on its behalf within a reasonable time after it is filed, the creditor should be able to attempt to supersede the claim filed on its behalf.

*In re Frascatore*, 98 B.R. 710, 722 n.11 (Bankr. E.D. Pa. 1989) (emphases in original).

A similar interpretation of Rule 3004 was offered by the Court of Appeals for the Fifth Circuit in *In re Kolstad,* 928 F.2d 171 (5th Cir. 1991). The Fifth Circuit noted that the concept of a "superceding" claim is broader than the concept of an "amended" claim in the bankruptcy context, with only the former barred beyond the Rule 3002(c) bar date under the language of Rule 3004, but not the latter:

> In response, Kolstad contends that by allowing a timely creditor's proof of claim to "supersede" that filed by a debtor, Rule 3004 impliedly negates a later-filed creditor "amendment." This argument misinterprets the pertinent terms, however, for a "superseding" claim by its nature may include a broader spectrum of demands against the debtor than an "amendment," which, as noted, must adjust or correct the terms of the claim originally filed.

*Id.*, at 175; *see also In re Bishop*, 122 B.R. 96 (Bankr. E.D. Mo. 1990); 9 COLLIER ON

11

BANKRUPTCY, ¶ 3004.06, at 3004-5 (15th ed. rev. 2004) ("[I]f the creditor fails to timely file timely [i.e, by the Rule 3002 deadline], the claim filed pursuant to Rule 3004 will stand, although such claim, as with any other claim, will be subject to technical amendment.").

While the *Kolstad* analysis is not universally accepted, see *In re Hamilton*, 179 B.R. 749 (Bankr. S.D. Ga. 1995), this Court finds it persuasive for the following reasons.

The concept of amending a proof of claim beyond the claims deadline is designed to ameliorate the rigors of the bar date, while protecting the legitimate interests of all parties in the prompt administration of the estate. *See, e.g., Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433 (2d Cir. 1978). Courts have long permitted creditors to amend claims in order to correct omissions or modify information erroneously provided. *See, e.g., Hutchinson v. Otis, Wilcox & Co.*, 190 U.S. 552 (1903); *In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir. 1986).

The rationale given by some courts for permitting claims to be amended is that bankruptcy courts are courts of equity and thus should allow for such corrections, *see In re Anderson-Walker Industries, Inc.*, 798 F.2d at 1287; other courts liken a proof of claim to a pleading, and amendments to pleadings after the relevant limitations period have long been permitted. *See Fidelity and Deposit Co. of Md. v. Fitzgerald,* 272 F.2d 121, 129 n.8, 130 n.13 (10th Cir. 1959)*, cert. denied*, 362 U.S. 919 (1960).

Just as a pleading, if properly amended, will relate back in time to the original pleading, an amended claim filed after the bar date will relate back to the original, timely filed claim. *See, e.g., Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985); *Fidelity and Deposit Co. of Md. v. Fitzgerald,* 272 F.2d at 130; *In re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993).

12

A subsequently filed proof of claim, however, amends an earlier claim only if it is not a "new claim." *See, e.g., In re Kolstad*, 928 F.2d at 175. Conversely, if a new claim is being asserted, then the original claim is not being amended. Therefore, were a creditor to file a new claim after the bar date, an objection to its filing could be sustained. *See, e.g., In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir. 1985).

One bankruptcy court explained a creditor's ability to amend a previously filed proof of claim in these terms:

> [C]ourts liberally allow claim amendments when the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. See [*In re] Int'l Horizons, Inc.*, 751 F.2d [1213, 1216 (11th Cir. 1985)] (citations omitted). *See also [In re] Norris Grain [Co.]*, 81 B.R. [103, 106 (Bankr. M.D. Fla. 1987), aff'd, 131 B.R. 747 (M.D. Fla. 1990), aff'd, 969 F.2d 1047 (11th Cir. 1992)] (noting amendment traditionally permitted if it arises out of same transaction or occurrence underlying original timely filed claim). Similarly, amendment is freely permitted so long as the initial claim provides adequate notice of the existence and nature of the claim, as well as the creditor's intent to hold the estate liable.

*In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 753-54 (Bankr. M.D. Fla. 1999); *see In re International Horizons, Inc.,* 751 F.2d at 1216 ("[T]he Service's amendment asserts a new claim—i.e. a claim not arising out of the same occurrence or transaction as the timely filed proofs of claims filed by the Service in these cases.").

While a creditor's attempt to change the classification of a claim from general unsecured to priority or to secured status may, to some courts, represent a "new claim" rather than an amendment, *see Matter of Alliance Operating Corp.*, 60 F.3d 1174, 1175

(5th Cir. 1995), it is generally held that an increase in the amount of a claim, without a change in its status, does not represent a new claim, but is a proper amendment, since the basis and priority of the claim remain unchanged. See, e.g., *In re Hemingway Transport, Inc.*, 954 F.2d 1, 10 (1st Cir. 1992) ("Moreover, as a general rule, amendments intended merely to increase the amount of a claim grounded in the same right to payment are not considered 'new' claims under the Code."); *Fidelity and Deposit Co. of Md. v. Fitzgerald*, 272 F.2d at 131.

There is no question in this case that the claims filed by Select on March 2, 2005, as amended on April 6, 2005, is a permissible superceding claim as described above. Neither claim attempts to assert a "new" claim. Rather, each pertains to the mortgage debt on the Debtor's residence. The only modification is to put forward Select's contention that the balance owed is significantly higher than the $4,000 figure which the Debtor asserts. As the basis for the claims filed by Select is the same as that of the Claim filed by the Debtor the court rejects the Debtor's request to strike Select's claim.[6]

---

[6] The debtor relies heavily upon the decision In re Hill, 286 B.R. 612 (Bankr. E.D. Pa. 2002). That decision, however, is distinguishable on its facts. As described in that reported opinion:

> Even assuming that Matrix had filed its claim as an amendment, amendments are not automatically allowed but are "left to the sound discretion of the bankruptcy court." *Id.* [*U.S. v. Jones*, 2000 WL 1175717 (W.D. Mich. 2000).] In exercising that discretion, I would refuse to permit Matrix to amend the Debtor's claim. Matrix did not file its Proof of Claim until more than three months after Debtor filed his proof of claim on its behalf. *Compare In re Bishop, supra,* 122 B.R. at 96-97 (allowing creditor to amend the proof of claim filed on its behalf by debtor where creditor attempted to amend the debtor's claim within a few days after it was filed). There is no

(continued...)

**Conclusion**.

The above determinations having been made, the matters remaining are Select's motion for relief from the automatic stay and the Trustee's dismissal motion. As earlier noted, no evidence beyond the pleadings and other documents, either filed in the case or of which the Court may take judicial notice, was offered.

As also noted above, in his response to the Trustee's dismissal motion the Debtor maintained that if his $4,000 claim stood, his plan would be feasible. One might infer from this that if the $4,000 is not upheld (as has occurred) the Debtor acknowledges the

---

[6](...continued)
> evidence that Matrix took any action in Debtor's bankruptcy case during that three month period to protect its rights. It allowed Debtor's plan to be confirmed without objection. Indeed, it waited for more than two months after Debtor's plan was confirmed to file its Proof of Claim and thereafter took no steps to gain allowance of the purported amendment. Accordingly, at the time this matter was brought before the Court by the Debtor in September 2002, Debtor had been making payments under his confirmed plan pursuant to the only allowed Matrix claim for in excess of two years. Matrix has not offered any "excuse of justification for its inactivity." *United States v. Jones, supra*, 2000 WL 1175717, at *3. The "Bankruptcy Code and Rules provide clear and precise procedural mechanisms under which claimants, particularly sophisticated entities" can protect their interests. *In re Kelley, supra*, 259 B.R. at 586. I will not reward Matrix's failure to follow those procedures by accepting its untimely Proof of Claim as an amendment when it has failed to offer any reason whatsoever for its inaction.

*Id.* at 621.

In contrast to *Hill,* Select filed its own claim within three weeks of the Debtor's filing and prior to plan confirmation (to which it objected) and so prior to any distribution to creditors. There is, in other words, no evidence on this record of laches or prejudice to other creditors. Indeed, other than creditors holding secured claims against the residence, there are no other claims filed in this case.

15

infeasibility of his plan. The Court notes, however, that in the concluding passage of his response to the dismissal motion the Debtor requested an Order either denying the motion, or "continuing it until he is given a full opportunity to perform." The Court is unclear what exactly is meant by this, so the Court, as stated at the outset, will schedule a follow-up evidentiary hearing on both of the remaining contested matters, at which time the parties may offer any further evidence they wish in support of their respective positions.

An appropriate Order follows.

BY THE COURT:

_____
STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

DATED: MAY 18, 2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                                          : CHAPTER 13
                                                               :
KEVIN RICHARDSON                                               :
                         DEBTOR(S)                             : BANKRUPTCY NO. 04-33234 SR

# ORDER

**AND NOW**, upon consideration of 1) Select Portfolio Servicing Inc., f/k/a Fairbanks Capital Corporation's, ("Select") Objection to Proof of Claim filed on its behalf by the Debtor; 2) the Debtor's Objection to Select's own filed Proof of Claim; 3) Select's Objection to confirmation of the Debtor's Second Amended Chapter 13 Plan; 4) Select's Motion for Relief from the Automatic Stay; and 5) the Chapter 13 Trustee's Motion to Dismiss Bankruptcy case with prejudice, all responses thereto to the same, and after hearings held April 8, 2005, April 15, 2005, and May 13, 2005, it is hereby:

**ORDERED,** that for the reasons stated in the within Opinion, 1) Select's Ojection to the Proof of Claim filed by Debtor shall be and hereby is Sustained; 2) Debtor's Objection to Proof of Claim filed by Select shall be and hereby is Dismissed; and 3) Confirmation of the Debtor's Second Amended Chapter 13 Plan shall be and hereby Denied. It is further:

**ORDERED,** that a follow-up evidentiary hearing on Select's Motion for Relief from the Automatic Stay and the Chapter 13 Trustee's Motion to Dismiss Bankruptcy Case with prejudice, shall be and hereby is scheduled for Friday, June 17, 2005, at 10:00 a.m, United States Bankruptcy Court, 900 Market Street, 2nd Floor, Courtroom No. 4, Philadelphia,

Pennsylvania, 19107.

BY THE COURT:

_____
STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

DATED: May 18, 2005

Frederick L. Reigle, Esquire
Chapter 13 Trustee
2901 St. Lawrence Avenue
P.O. Box 4010
Reading PA 19606

David A. Scholl, Esquire
The Regional Bankruptcy Center
#6 St. Albans Ave
Newtown Square, PA 19073

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Gary McCafferty, Esquire
111 South Independence Mall East
Suite 500
Bourse Building
Philadelphia PA 19106

Kevin Richardson
8025 Fayette Street
Philadelphia PA 19150